Per curiam

It would have much better bad he been In Id to bail -,-t first. The ns'.wr denies, but faintly. some of the material charge- ¡a tin--’bill. It, is possible she may be entitled to a decree. The affidavit shows *399 |lC |s probably devising means to defeat the decree when it. .shall be, given, and that he is about to-abscond. Shall we sit still, and see him take, his measures to defeat (lie decree, if any should he given, and not take any steps to prevent it? The court will surely do something to secure. the Complainant, the benefit of any decree that may hereafter be given in her favor. The common process of a ue exeat or capias to arrest and hold to bail, it is said, and indeed it is very probable, will not answer the purpose. Should his property be seized under the order moved for, h« may be. restored to the possession of it again, by giving security to perform the decree. All the- difference bel ween this sequestration and shat used in the English courts is, that this is more speedy than theirs where there must first be a Sergeant at. arms, and a return, &C. a practice not always competent here to effect the purposes of justice, because of our local situation. The practice of this court, was decided to be according to the present motion, two or three years ago at Halifax, in the case of Barrow and Barrow. by Judge Asms and Judge Wit,? 3.IAMS. They kne.vv what the prarfire was in our court of chancery before the Revolution, and probably grounded that order upon the clause cited from the act of 1782.— We think therefore, that upon the strength of that precedent, die .present motion should be allowed. The court then enquired into the amount of the Defendant's fortune, and ordered him to give security for the performance of the decree, in the sum of ¡61000 — and until he. did this., that his property to that amount should he sequestered by a per-on named by thorn for that purpose, and ordered a writ to issue accordingly.
NoTF..- — dlili:r where there is only a suggestion, that the husband is wasting- his property. Spiller v. Spiller, post 482.